Office of the Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

**CRIMINAL ACTION NO. 3:24-CR-129-CHB**

**UNITED STATES OF AMERICA,**                                                      **PLAINTIFF,**

**vs.**

**PEDRO REYES,**                                                                        **DEFENDANT.**

## DEFENDANT'S SENTENCING MEMORANDUM

Comes the Defendant, Pedro Reyes ("Defendant" or, in the alternative, "Mr. Reyes"), by counsel, and respectfully requests this Honorable Court to consider the following factors and sentence Mr. Reyes to a period of 30 months of incarceration. In support, the Defendant states as follows:

### I. INTRODUCTION

The Defendant entered a plea of guilty to the sole count contained within the Information involved in this case. Mr. Ruiz pleaded guilty to one count of Conspiracy to Commit Health Care Fraud. Mr. Ruiz entered a "B" guilty plea on February 19, 2025. DN 14. Mr. Reyes is scheduled to be sentenced on May 22, 2025.

### II. PRE-SENTENCE REPORT

**Objections**

Office of the Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

1

There are no objections to the Final Pre-Sentencing Report (PSR). DN 21.

### III. STATUTORY SENTENCING RANGE

Mr. Ruiz has pleaded guilty to the sole count within the Information which carries a penalty of not more than ten years imprisonment, a fine of not more than $250,000, and not more than three years supervised release.

### IV. ADVISORY GUIDELINE RANGE

The Pre-Sentence Report provides a Total Offense Level of 26. DN 21, at ¶¶36 and 72. Mr. Reyes's criminal history falls within Criminal History Category II. *Id.* at ¶¶44 and 72. A Final Offense Level 26 and Criminal History Category II results in an advisory Guideline range of 70-87 months. *Id*. at ¶72.

### V. SENTENCING LAW

The advisory sentencing guideline range is but one factor for the Court to consider when fashioning an appropriate sentence. Specifically, the Court must consider the advisory guidelines *as well as other factors* in arriving at a "reasonable" sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing imposed by 18 U.S.C. §3553(a)(2). Specifically, 18 § U.S.C. 3553(a) requires:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
>
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed–
>
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for–

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

**(I)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement--

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

Another statute that also impacts sentencing in the case at hand is 18 U.S.C. §3661. It requires that "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

The district court must give consideration to the guidelines in determining a sufficient sentence, but it may not presume that the guideline sentence is the correct one. *Gall v. United States,* 552 U.S. 38, 46 (2007) and *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). In fact, the Court is free to consider whether the advisory guideline sentence itself "fails properly to reflect §3553(a) considerations" in this case, and/or whether the advisory guideline at issue exemplifies the Sentencing Commission's "exercise of its characteristic institutional role."*Rita, supra* at 2465 and *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007).

## VI. DISCUSSION

Mr. Ruiz is asking this court to impose a sentence of 30 months. The allegations contained in the Information involved in this case, took place between February 2019 through April 2021. Since that time, Mr. Ruiz has attempted to put the criminal activity involved in this case behind him. He has moved away from Louisville, KY to Ocala, FL. Upon relocating to Florida, Mr. Reyes has found gainful employment and is in a new, meaningful relationship with Shaene Coffey. Mr. Reyes and Ms. Coffey have a two-year-old daughter, Madeline. Mr. Reyes has found stability and purpose in his life, both of which were lacking during the time of the instant offense.

Mr. Reyes deeply regrets his actions involved in this case. He recognizes the large amount

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

of restitution that is owed, and he would like to return to work as quickly as possible so he can attempt to begin making consistent restitution payments. After his arrest, Mr. Reyes endeavored to resolve these cases as quickly as possible, as evidenced by his pleading to an Information. He has taken full responsibility of the decisions he made, and he wishes to serve any sentence this Court imposes, so that he can close this chapter of his life and return to be with his family.

Mr. Reyes believes that given the totality of circumstances in his case, along with additional facts which will be discussed at his sentencing hearing, that a 30 month sentence is appropriate.

Respectfully submitted,

/s Aaron M. Dyke
Assistant Federal Defender
629 S. Fourth Street
Suite 200
Louisville, Kentucky 40202
(502) 584-0525
Counsel for Defendant

## **CERTIFICATE**

This is to certify that a true copy of the foregoing motion was served on the United States by electronically filing same to Mr. Chris Tieke, Esq., Assistant United States Attorney, this 12th day of May, 2025.

s/ Aaron M. Dyke

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808